UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV,<br><br>    Plaintiff,<br><br>  v.<br><br>GOVERNMENT USA,<br><br>    Defendant. | No. 2:17-cv-01111 JAM GGH<br><br><br>ORDER |

Plaintiff has requested authority under 28 U.S.C. § 1915(a) to proceed in forma pauperis. The court has examined his signed affidavit and has determined that he is unable to bear the fees and costs of pursuing this action. Therefore, the motion to proceed in forma pauperis will be granted.

*SCREENING*

Addressing IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain

statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiffs' claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

////

*THE COMPLAINT*

Plaintiff alleges that "government USA employees" refused to provide him change for money he offered to pay for cheese and eggs in a grocery outlet on Watt Avenue in Sacramento. He prays for $300,000,000 in damages to his health as a disabled person. This brief two (2) page complaint does not identify any person who took the action described, or how he determined that the perpetrator or perpetrators were "government USA employees." Because of the fact that it appears that the incident occurred in a private enterprise, not a government office, it is unlikely that plaintiff can state a basis for federal jurisdiction as required by the Federal Rules of Civil Procedure.

Nontheless, pro se plaintiffs are held to a less stringent standard of pleading than are plaintiffs who are represented by counsel, Haines v Kerner, 404 U.S. 519, 520 (1972), and the court may dismiss the complaint with prejudice only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief Nordstrom v Ryan, 762 F.3d 903, 908 (9th Cir. 2015), but he is still bound to adhere to the Federal Rules of Civil Procedure in making his claims.

Only if plaintiff can state the basis for jurisdiction in this court as well as the statutory or constitutional bases for his claims of redressable injury, who inflicted the injury, when and where, and which of his federal rights were violated by the actions alleged, there is no defendant to be served and, even if there were, at this point there is no "fair notice" of their legal exposure that would provide them with the facts that permit them to plead in opposition.

Plaintiff also appears to be attempting to plead claims under 42 U.S.C. sections 1983 and 1985 both of which were enacted to give effect to the Fourteenth Amendment of the federal constitution which states, in principal part that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

These statutes, then, can only be brought to bear against those defendants who are "state actors," i.e., are acting within powers given them by the State. It would not seem likely that, given the

3

nature of his claims, these defendants would fit the definition of "state actors."

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request to proceed in forma pauperis is GRANTED;
2. Plaintiff's Complaint is dismissed, without prejudice;
3. Plaintiff shall have 45 days in which to file an Amended Complaint captioned "Amended Complaint" the elements of which must conform to the dictates of this Order to avoid a recommendation that it be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 5, 2017

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE